IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                      Civ. No. 11-1148

$35,000.00 IN UNITED STATES CURRENCY,

    *Defendant*,

and

LONNELL KIRKMAN AND
VICTORIA DBORH WILLIAMS,

    *Claimants*.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

**JURISDICTION AND VENUE**

1.     This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.     The "res" or property which is the subject of this action consists of Thirty-Five Thousand ($35,000.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

PARTIES AND CLAIMANTS

5.  The following persons may claim an interest in Defendant Currency:

   (a).  Lonnell Kirkman a/k/a Lionel Kirkland at 2305 Comstock Road, Bedford, OH 44146, and/or 3530 East 108th Street, Unit D, Cleveland OH 44105, and/or c/o Larobbs Nite Club, 10310 Union Ave., Cleveland, OH 44105, whose attorney is Steven L. Bradley, Esq., Marein & Bradley, 22 Leader Building, 526 Superior Ave., Cleveland, OH 44114-1210;

   (b).  Victoria Dborh Williams a/k/a Vanessa Wilson at 13012 Willard Ave., Garfield Heights, OH, 44125 and/or 13012 Willard Ave., Cleveland, OH 44125.

FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.  On August 12, 2011, Drug Enforcement Administration (DEA) Special Agent Jarrell Perry contacted Lonnell Kirkman and Victoria Dborh Williams at the Greyhound bus station in Albuquerque, NM. Kirkman was traveling under the false name of Lionel Kirkland. Williams was traveling under the false name of Vanessa Wilson. Both were traveling on one-way bus tickets westbound from Cleveland, OH, where they stated they lived, to Phoenix, AZ.

7.  The Agent Perry requested and received consent from Kirkman to search his person. Agent Perry found two rectangular shaped bundles on Kirkman – one in Kirkman's lower midsection near his navel, and the other on Kirkman's right thigh area. Kirkman said the two bundles were his traveling money. Agent Perry asked Kirkman to step off the bus to speak with him.

8. Kirkman stood up, turned away from Agent Perry, and let one of the bundles slide down his pant leg on to the floor, which occurred out of sight of Agent Perry's sight. This bundle was later found in Williams' purse.

9. Once off the bus, Agent Perry found that Kirkman only had one bundle on his person – the one in Kirkman's lower midsection, but not the bundle that had been on Kirkman's right thigh. The bundle on Kirkman consisted of rubber-banded bundles of currency all contained within clear saran wrapping.

10. Kirkman said he removed the other bundle and gave it to Williams because it belonged to her. Agent Perry re-boarded the bus and Williams said Kirkman gave her a bundle of money before he walked off the bus, which she put in her purse. The bundle in Williams' purse was wrapped identically to the first bundle in saran wrap and rubberbands.

11. Williams and Kirkman were detained.

12. Williams said she had $10,000 but did not know Kirkman had any money with him on the trip.

13. Kirkman said the money was from a nightclub he owned. Kirkman said he had $7,000 with him, then said he had $15,000 and Williams had $10,000 in her possession. Later Kirkman said they had a total of $30,000 together. Kirkman said that he wrapped the currency but could not explain why.

14. Williams and Kirkman gave conflicting accounts of the origination of the currency and the purpose of having the currency on their trip to Phoenix. Williams said that Kirkman wrapped the currency because he did not want anyone to see it.

15. The two large bundles of currency were seized by DEA.

16. At the DEA Albuquerque Office, a trained and certified drug detection canine was deployed on the two bundles of currency. The canine alerted positively for the odor of illegal controlled substance on the two bundles.

17. The two bundles of currency totaled $35,000.

18. Lonnell Kirkman has a criminal and drug history.

19. Lonnell Kirkman is employed as a club owner.

20. Victoria Dborh Williams has no employment history.

### CLAIM FOR RELIEF

21. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

22. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*[signature]*

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103-0607
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12-30-2011

_____
Jarrell W. Perry, Special Agent
Drug Enforcement Administration